

**FILED**
VANESSA L. ARMSTRONG, CLERK

NOV 22 2011

U.S. DISTRICT COURT
WEST'N. DIST. KENTUCKY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT PADUCAH

UNITED STATES OF AMERICA

v.

INDICTMENT

NO. 5:11CR-51-R

21 U.S.C. § 841(a)(1)
21 U.S.C. § 841(b)(1)(B)
21 U.S.C. § 841(b)(1)(C)
21 U.S.C. § 846
21 U.S.C. § 853
18 U.S.C. § 2
18 U.S.C. § 922(g)(1)
18 U.S.C. § 924(a)(2)
18 U.S.C. § 924(d)

**CHARLES WAYNE WHITE**
**BAILEY ANTHONY DAVIE**
**ANTONIO DAMON POINDEXTER**

The Grand Jury charges:

## COUNT 1

On or about December 3, 2009, in the Western District of Kentucky, Christian County, Kentucky, **CHARLES WAYNE WHITE**, defendant herein, attempted to knowingly and intentionally distribute 28 grams or more of a mixture and substance containing cocaine base, a Schedule II controlled substance as defined in Title 21, United States Code, Section 812.

In violation of Title 21, United States Code, Sections 841(a)(1), 841(b)(1)(B), and 846.

The Grand Jury further charges:

## COUNT 2

On or about December 17, 2009, in the Western District of Kentucky, Christian County, Kentucky, **CHARLES WAYNE WHITE**, defendant herein, attempted to knowingly and intentionally distribute 28 grams or more of a mixture and substance containing cocaine base, a Schedule II controlled substance as defined in Title 21, United States Code, Section 812.

In violation of Title 21, United States Code, Sections 841(a)(1), 841(b)(1)(B), and 846.

The Grand Jury further charges:

## COUNT 3

On or about December 29, 2009, in the Western District of Kentucky, Christian County, Kentucky, **CHARLES WAYNE WHITE** and **BAILEY ANTHONY DAVIE**, defendants herein, conspired to knowingly and intentionally distribute a mixture and substance containing a detectable amount of cocaine, a Schedule II controlled substance as defined in Title 21, United States Code, Section 812.

In violation of Title 21, United States Code, Sections 841(a)(1), 841(b)(1)(C), and 846.

The Grand Jury further charges:

## COUNT 4

On or about January 6, 2010, in the Western District of Kentucky, Christian County, Kentucky, **BAILEY ANTHONY DAVIE**, defendant herein, having previously been convicted in Christian Circuit Court, Hopkinsville, Kentucky, case number 99-CR-00238, of trafficking in

a controlled substance in the first degree, a crime punishable by imprisonment for a term exceeding one year, and **ANTONIO DAMON POINDEXTER,** defendant herein, having previously been convicted in Christian Circuit Court, Hopkinsville, Kentucky, case number 94-CR-00171, wanton endangerment in the first degree, a crime punishable by imprisonment for a term exceeding one year, each aided and abetted by the other, knowingly possessed, in and affecting commerce, a firearm, a Smith and Wesson .38 caliber revolver, serial number 160647.

In violation of Title 18, United States Code, Sections 922(g)(1), 924(a)(2), and 2.

The Grand Jury further charges:

### COUNT 5

On or about December 6, 2010, in the Western District of Kentucky, Christian County, Kentucky, **ANTONIO DAMON POINDEXTER,** defendant herein, having previously been convicted in Christian Circuit Court, Hopkinsville, Kentucky, case number 94-CR-00171, of wanton endangerment in the first degree, a crime punishable by imprisonment for a term exceeding one year, knowingly possessed, in and affecting commerce, a firearm, that is, a Smith and Wesson .38 caliber revolver, serial number ABW7601.

In violation of Title 18, United States Code, Sections 922(g)(1) and 924(a)(2).

The Grand Jury further charges:

### COUNT 6

On or about January 5, 2011, in the Western District of Kentucky, Christian County, Kentucky, **ANTONIO DAMON POINDEXTER,** defendant herein, having previously been

convicted in Christian Circuit Court, Hopkinsville, Kentucky, case number 94-CR-00171, of wanton endangerment in the first degree, a crime punishable by imprisonment for a term exceeding one year, knowingly possessed, in and affecting commerce, a firearm, that is, a Hi-Point 9mm semiautomatic pistol, serial number P1447111, a Raven .25 caliber semiautomatic pistol, serial number 924297, and a Hi-Point .40 caliber semiautomatic pistol, serial number X754908.

In violation of Title 18, United States Code, Sections 922(g)(1) and 924(a)(2).

The Grand Jury further charges:

### COUNT 7

On or about May 6, 2011, in the Western District of Kentucky, Christian County, Kentucky, **ANTONIO DAMON POINDEXTER,** defendant herein, having previously been convicted in Christian Circuit Court, Hopkinsville, Kentucky, case number 94-CR-00171, of wanton endangerment in the first degree, a crime punishable by imprisonment for a term exceeding one year, knowingly possessed, in and affecting commerce, a firearm, that is, a Hi-Point 9mm semiautomatic pistol, serial number P1294019, and a Hi-Standard 12 gauge shotgun with no serial number.

In violation of Title 18, United States Code, Sections 922(g)(1) and 924(a)(2).

### NOTICE OF FORFEITURE

If convicted of any violation of Title 21, United States Code, Section 841(a)(1) or 846, the defendants, **CHARLES WAYNE WHITE** and **BAILEY ANTHONY DAVIE,** shall forfeit to the United States any property constituting or derived from any proceeds obtained, directly or

indirectly, as the result of such violations, and any property used or intended to be used, in any manner or part, to commit or to facilitate the commission of such violations, pursuant to Title 21, United States Code, Section 853.

If convicted of any violation of Title 18, United States Code, Sections 922(g)(1) and 924(a)(2), the defendants, **BAILEY ANTHONY DAVIE and ANTONIO DAMON POINDEXTER,** shall forfeit to the United States the firearms used or possessed in the commission of said violations, pursuant to Title 18, United States Code, Section 924(d).

A TRUE BILL.

_____
FOREPERSON

_/s/ Laura H. Hall_____
DAVID J. HALE
United States Attorney

DJH:LF:10/15/11

UNITED STATES OF AMERICA v. CHARLES WAYNE WHITE, ET AL.

## PENALTIES

Counts 1-3: NL 5 yrs./NM 40 yrs./$2,000,000/both/NL 4 yrs. Supervised Release (each count)
 (With Prior Conviction: NL 10 yrs./NM Life/$4,000,000/both/NL 8 yrs. Supervised Release)

Counts: 4-7: NM 10 yrs./$250,000/both/NM 3 yrs. Supervised Release

## NOTICE

**ANY PERSON CONVICTED OF AN OFFENSE AGAINST THE UNITED STATES SHALL BE SUBJECT TO SPECIAL ASSESSMENTS, FINES, RESTITUTION & COSTS.**

SPECIAL ASSESSMENTS

18 U.S.C. § 3013 requires that a special assessment shall be imposed for each count of a conviction of offenses committed after November 11, 1984, as follows:

| | |
|---|---|
| Misdemeanor: $ 25 per count/individual | Felony: $100 per count/individual |
| $125 per count/other | $400 per count/other |

FINES

In addition to any of the above assessments, you may also be sentenced to pay a fine. Such fine is due <u>immediately</u> unless the court issues an order requiring payment by a date certain or sets out an installment schedule. You shall provide the United States Attorney's Office with a current mailing address for the entire period that any part of the fine remains unpaid, or you may be held in contempt of court. 18 U.S.C. § 3571, 3572, 3611, 3612

**Failure to pay fine as ordered may subject you to the following:**

 1. **INTEREST** and **PENALTIES** as applicable by law according to last date of offense.

   <u>For offenses occurring after December 12, 1987:</u>

   No **INTEREST** will accrue on fines under $2,500.00.

   **INTEREST** will accrue according to the Federal Civil Post-Judgment Interest Rate in effect at the time of sentencing. This rate changes monthly. Interest accrues from the first business day following the two week period after the date a fine is imposed.

   **PENALTIES** of:

   10% of fine balance if payment more than 30 days late.

   15% of fine balance if payment more than 90 days late.

 2. Recordation of a **LIEN** shall have the same force and effect as a tax lien.

 3. Continuous **GARNISHMENT** may apply until your fine is paid.

   If you **WILLFULLY** refuse to pay your fine, you shall be subject to an **ADDITIONAL FINE** of not more than the greater of $10,000 or twice the unpaid balance of the fine; or **IMPRISONMENT** for not more than 1 year or both. 18

U.S.C. § 3615

RESTITUTION

If you are convicted of an offense under Title 18, U.S.C., or under certain air piracy offenses, you may also be ordered to make restitution to any victim of the offense, in addition to, or in lieu of any other penalty authorized by law. 18 U.S.C. § 3663

APPEAL

If you appeal your conviction and the sentence to pay your fine is stayed pending appeal, the court shall require:

1. That you deposit the entire fine amount (or the amount due under an installment schedule during the time of your appeal) in an escrow account with the U.S. District Court Clerk, or

2. Give bond for payment thereof.

18 U.S.C. § 3572(g)

PAYMENTS

If you are ordered to make payments to the U.S. District Court Clerk's Office, certified checks or money orders should be made payable to the Clerk, U.S. District Court and delivered to the appropriate division office listed below:

| | |
|---|---|
| LOUISVILLE: | Clerk, U.S. District Court<br>106 Gene Snyder U.S. Courthouse<br>601 West Broadway<br>Louisville, KY  40202<br>502/625-3500 |
| BOWLING GREEN: | Clerk, U.S. District Court<br>120 Federal Building<br>241 East Main Street<br>Bowling Green, KY  42101<br>270/393-2500 |
| OWENSBORO: | Clerk, U.S. District Court<br>126 Federal Building<br>423 Frederica<br>Owensboro, KY  42301<br>270/689-4400 |
| PADUCAH: | Clerk, U.S. District Court<br>127 Federal Building<br>501 Broadway<br>Paducah, KY  42001<br>270/415-6400 |

If the court finds that you have the present ability to pay, an order may direct imprisonment until payment is made.

FORM DBD-34
JUN.85

No. _____

FILED
VANESSA L. ARMSTRONG, CLERK
NOV 22 2011
U.S. DISTRICT COURT
WEST'N. DIST. KENTUCKY

# UNITED STATES DISTRICT COURT
Western District of Kentucky
Paducah Division

### THE UNITED STATES OF AMERICA

vs.

CHARLES WAYNE WHITE
BAILEY ANTHONY DAVIE
ANTONIO DAMON POINDEXTER

## INDICTMENT
Title 21 U.S.C. §§ 841(a)(1); 841(b)(1)(B); 841(b)(1)(C); 846; 853; 18 U.S.C. §§ 2; 922(g)(1); 924(a)(2); 924(d):
Possession with Intent to Distribute and Distribution of Cocaine Base; Possession with Intent to Distribute Cocaine; Possession of a Firearm in Furtherance of a Drug Trafficking Crime; Felon in Possession of a Firearm; Forfeiture.

_____
Foreman

Filed in open court this 22nd day, of November, A.D. 2011.

_____
Clerk

Bail, $